Exhibit A

# Exhibit A

Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 22
SafetySeal(101761)

TERRI THONGSAVAT
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**1.0 LBS LTR**      **1 OF 1**

SHIP TO:
BRADLEY BEVERAGE
2149323601
THE RAND CORPORATION
ATTN: REGULATORY REPORTING
1776 MAIN STREET
P.O. BOX 2138
**SANTA MONICA CA 90401**

## CA 900 9-71

## UPS NEXT DAY AIR                **1**
TRACKING #: 1Z X21 278 01 2979 5207

BILLING: P/P

Reference No.1: SOP/2401130/540267721/CT SOP Custo   ™

XOL 21.09.06      NV45 38.0A 09/2021*

I789913

I7

Origin: Wolters Kluwer UPS 562130

**CT** Packing Slip

**CT Corporation**

**UPS Tracking #:** 1ZX21278012979S207
**Created By:** Akash Javiya
**Created On:** 09/20/2021 12:18 PM
**Recipient:**

**Bradley Beverage**

Title : –
Customer : The Rand Corporation
Address : Attn: Regulatory Reporting
Email : regrpl@rand.org
Phone : 310-39304117252          Fax : –

**Package Type:** Envelope
**Items shipped:** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 540267721 | 2182CV00770 | THE RAND CORPORATION |

 **CT** Corporation

**Service of Process Transmittal**
09/20/2021
CT Log Number 540267721

**TO:**   Bradley Beverage
The Rand Corporation
Attn: Regulatory Reporting, 1776 Main Street
P.O. Box 2138
Santa Monica, CA 90401-3208

**RE:**   **Process Served in Massachusetts**

**FOR:**   THE RAND CORPORATION  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SHEILA LOGUE // To: THE RAND CORPORATION |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2182CV00770 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | National Registered Agents, Inc., Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/20/2021 at 12:15 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780129795207 |
| **REGISTERED AGENT ADDRESS:** | National Registered Agents, Inc.<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110<br>877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Mon, Sep 20, 2021

**Server Name:**       Drop Service

| Entity Served | RAND CORPORATION |
|---|---|
| Case Number | 2182CV00770 |
| Jurisdiction | MA |



(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.   21 - 7 -

_Sheila Logue_ , *Plaintiff(s)*

v.

_Rand Corporation_ , *Defendant(s)*

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon _Michael Achuskein_ ,
plaintiff's attorney, whose address is _1309 Beacon St., Suite 300, Brookline, MA 02446_
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS,   Heidi E. Brieger   Esquire   , at _____ the _____

day of _____, in the year of our Lord two thousand and _____

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption.
   If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

A true copy Attest   _Joseph P Casey_
_____ Deputy Sheriff Suffolk County
9-20-21

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................., 20      , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

............................................................................................................................................

............................................................................................................................................

............................................................................................................................................

Dated: ........................., 20      ..............................................................................

**N. B.   TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON**
**DEFENDANT.**

|  |
|---|
| , 20      . |

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

........................, *Plaintiff*

v.

........................, *Defendant*

SUMMONS

(Mass. R. Civ. P.4)

**RECEIVED**
8/20/2021

1

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**                    **SUPERIOR COURT**
                                   **DEPARTMENT OF THE TRIAL COURT**

SHEILA LOGUE,
            Plaintiff,

vs.                                **Civil Action No.** 2182CV00770

RAND CORPORATION,
            Defendant.

## COMPLAINT AND JURY DEMAND

### I. PARTIES

1.  Plaintiff Sheila Logue ("Plaintiff") is an individual residing in Cohasset, Massachusetts.

2.  Plaintiff is 71 years old and her date of birth is August 15, 1950.

3.  Defendant RAND Corporation ("Defendant") is a nonprofit global policy think tank with a headquarters in Santa Monica, California and an office located at 20 Park Plaza Building, 7th Floor, Suite 720, Boston, MA, 02116.

### II. STATEMENT OF FACTS

4.  Plaintiff began working for Defendant in 2003 as a Contracts Administrator in Defendant's Contracts and Grants Department.

5.  As a Contracts Administrator, Plaintiff's responsibilities included working on grant proposals, preparation and setup of grants, and closeouts of the grants.

1

6. Although Plaintiff initially worked for Defendant in Santa Monica, Plaintiff relocated to Massachusetts in the fall of 2017 and continued working for Defendant from Massachusetts.

7. Plaintiff performed her job capably for many years, including into 2019.

8. In October 2019, Plaintiff began a leave from Defendant pursuant to the Family and Medical Leave Act ("FMLA") to address serious medical issues related to stress and high blood pressure.

9. Plaintiff's FMLA leave lasted approximately 12 weeks and she did not return to work on a full-time basis until January 6, 2020.

10. Upon her return to work in January 2020, Plaintiff continued to perform her work competently.

11. However, in December 2019, during Plaintiff's FMLA leave, Defendant hired Linda Duffy ("Ms. Duffy") as its Director of Grants, Contracts, and Procurement. As a result, Ms. Duffy had responsibility for the department in which Plaintiff worked. Ms. Duffy was informed at the time of her hire that Plaintiff was on a leave of absence.

12. On March 4, 2020, Ms. Duffy received an email from Roland Sturm ("Mr. Sturm"), one of Defendant's employees, regarding Plaintiff. In that email, Mr. Sturm said of Plaintiff that "she was so out-of-it;" she was "in no shape to do this relative [sic] simple task of submitting a supplemental proposal;" that this inability had "nothing to do with other deadlines or overwork, but felt like a very strong indication of other issues," that Plaintiff either "could not see (or could not follow) what was on the screen" and "just seemed to be in no position to be working."

2

13. Upon information and belief, upon receiving the March 4, 2020 email from Mr. Strum, Ms. Duffy shared that email with Human Resources.

14. On March 17, 2020, Ms. Duffy terminated Plaintiff's employment during a telephone call. Upon information and belief, Defendant considered placing Plaintiff on a Performance Improvement Plan and having her work from a different location, but decided to not even communicate that option to Plaintiff, because of concerns over "uprooting" her life.

15. Upon information and belief, the email of March 4, 2020 was a trigger for the termination of Plaintiff's employment and Defendant's reliance on that email demonstrates its concern about Plaintiff's age and the perception of her as having a disability.

16. Upon information and belief, since the termination of Plaintiff's employment, her duties have been reassigned to employees who are younger than she.

17. Upon information and belief, Defendant perceived Plaintiff as having a disability based on her request for a medical leave, the documentation she submitted in connection with such leave, the fact that she actually took the medical leave until January 6, 2020 and the comments in the email of March 4, 2020 which was the trigger for the termination of Plaintiff's employment.

18. At the time of Plaintiff's termination she was 69 years old.

19. At all times during her employment Plaintiff was a capably performing employee. However, a post-termination review of Plaintiff personnel record revealed that Defendant had placed negative, unsigned performance reviews in her personnel record without notifying her.

3

20. Upon information and belief, the reason that Plaintiff's employment was terminated was because of Defendant's perception that she was disabled and/or in retaliation for taking FMLA leave, and because of her age.

21. Plaintiff filed a timely charge of discrimination with the Massachusetts Commission Against Discrimination.

### III. STATEMENT OF CLAIMS

#### COUNT I
#### Discrimination on the Basis of Disability in Violation of Massachusetts General Law Chapter 151B, Section 4

22. Plaintiff hereby restates and incorporates all previous paragraphs of this Complaint as if fully stated herein.

23. Plaintiff's medical leave of absence and then the comments in the email of March 4, 2020, led to Defendant's perception of Plaintiff as being disabled.

24. Defendant terminated Plaintiff's employment because of this perceived disability.

25. Based on the unlawful termination of Plaintiff's employment, which constituted a violation of Chapter 151B, Section 4, Plaintiff suffered loss of wages and benefits and emotional distress, for which she seeks recovery.

26. Defendant's termination of Plaintiff's employment was under such circumstances as warrant an award of punitive damages and thus, Plaintiff also is seeking punitive damages as the result of the unlawful termination of her employment.

#### COUNT II
#### Discrimination on the Basis of Age in Violation of Massachusetts General Law Chapter 151B, Section 4

27. Plaintiff hereby restates and incorporates all previous paragraphs of this Complaint as if fully stated herein.

4

28. Defendant terminated Plaintiff's employment because of her age.

29. Defendant's termination of Plaintiff's employment based on her age constituted a violation of Chapter 151B, Section 4, and Plaintiff suffered loss of wages and benefits and emotional distress, for which she seeks recovery.

**COUNT III**
**Retaliation in Violation of the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1), causing damages.**

30. Plaintiff hereby restates and incorporates all previous paragraphs of this Complaint as if fully stated herein.

31. Plaintiff took leave pursuant to the FMLA.

32. Defendant retaliated against Plaintiff for taking such leave by terminating her employment.

33. Such retaliation for taking leave protected by the FMLA was unlawful and caused Plaintiff to suffer loss of wages and benefits and emotional distress, for which she seeks recovery.

**IV. REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff hereby requests that this Honorable Court award the following relief:

1. Judgment against Defendant;

2. Compensatory damages, including back pay, front pay, and lost benefits;

3. Emotional distress damages;

4. Punitive damages;

5. Costs of this action;

6. Reasonable attorney's fees;

7. Pre-judgment and post judgment interest; and

8. Such other relief as this Court deems just and fair.

5

## VI. JURY DEMAND

The Plaintiff, SHEILA LOGUE, hereby demands a TRIAL BY JURY as to all counts of her Complaint.

Respectfully submitted,

SHEILA LOGUE,

By her attorney,

/s/ Michael Ackerstein

Michael Ackerstein (BBO #687764)
ACKERSTEIN LAW
1309 Beacon St., Suite 300
Brookline, MA 02446
617-603-0076
Michael@ackersteinlaw.com

Dated: August 20, 2021

6

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2182CV00770 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | SHEILA LOGUE | COUNTY | Norfolk |
|---|---|---|---|
| ADDRESS: | 384 BEECHWOOD ST. | | |
| CONASSET, MA 02025 | | DEFENDANT(S): | RAND CORPORATION |
| ATTORNEY: | MICHAEL ACKERSTEIN | | |
| ADDRESS: | ACKERSTEIN LAW, 1309 BEACON ST., SUITE 300 | ADDRESS: | 20 PARK PLAZA BUILDING, 7TH FLOOR, SUITE 720 |
| BROOKLINE, MA 02446 | | BOSTON, MA 02116 | |
| BBO: | 687764 | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | EMPLOYMENT DISCRIMINATION | F | ☒ YES  ☐ NO |

"If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**RECEIVED**
**8/20/2021**

### TORT CLAIMS
(attach additional sheets as necessary)

| | | |
|---|---|---|
| A. Documented medical expenses to date: | | |
| 1. Total hospital expenses ............................................................. | $ | |
| 2. Total doctor expenses ............................................................. | $ | |
| 3. Total chiropractic expenses ..................................................... | $ | |
| 4. Total physical therapy expenses .............................................. | $ | |
| 5. Total other expenses (describe below) ..................................... | $ | |
| Subtotal (A): | $ | |
| B. Documented lost wages and compensation to date ....................................... | $ | 165,000 |
| C. Documented property damages to date .......................................................... | $ | |
| D. Reasonably anticipated future medical and hospital expenses ........................ | $ | 110,000 |
| E. Reasonably anticipated lost wages ................................................................. | $ | |
| F. Other documented items of damages (describe below) .................................... | $ | 50,000 |
| Emotional distress damages based on discrimination, retaliation. | | |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff suffered damages, including loss of wages, as a result of Defendant's unlawful termination of her employment.

TOTAL (A-F):$    325,000

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _____    Date: 8/20/21

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____    Date: 8/20/21

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2182CV00770 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Logue, Sheila vs. Rand Corporation | Walter F. Timilty, Clerk of Courts |
|---|---|

| TO: Michael Benjamin Ackerstein, Esq. Ackerstein Law 1309 Beacon St Suite 300 Brookline, MA 02446 | COURT NAME & ADDRESS Norfolk County Superior Court 650 High Street Dedham, MA 02026 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION                                  DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 11/18/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 12/20/2021 | |
| All motions under MRCP 12, 19, and 20 | 12/20/2021 | 01/18/2022 | 02/16/2022 |
| All motions under MRCP 15 | 12/20/2021 | 01/18/2022 | 02/16/2022 |
| All discovery requests and depositions served and non-expert depositions completed | 06/16/2022 | | |
| All motions under MRCP 56 | 07/18/2022 | 08/15/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/13/2022 |
| Case shall be resolved and judgment shall issue by | | | 08/21/2023 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 08/20/2021 | ASSISTANT CLERK | PHONE |
|---|---|---|

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**
<br>
**SUPERIOR COURT**
**DEPARTMENT OF THE TRIAL COURT**

SHEILA LOGUE,
<br>              Plaintiff,

vs.
<br>
**Civil Action No. No. 2182CV00770**

RAND CORPORATION,
<br>              Defendant.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT RAND CORPORATION

## GENERAL INSTRUCTIONS

Pursuant to Rule 33 of the Massachusetts Rules of Civil Procedure, the following Interrogatories are required to be answered in detail by you, RAND Corporation. Your answers must be signed under oath and served upon counsel to the Plaintiff.

In answering these Interrogatories, you are required to furnish all information that is available to you, and you are required to make such inquiry of your witnesses, agents, and employees or any other person as will enable you to ascertain all of the facts necessary to fully answer each request for information.

Be advised that you have a duty to amend or supplement a prior response if you obtain information that leads you to believe that a response was incorrect when made, or that a response though correct when made, is no longer true. Furthermore, you are required to supplement your response with respect to any Interrogatory directly addressed to the identity and location of persons having knowledge of discoverable matters as well as any Interrogatory directly addressed to the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

In preparing your answers to the Interrogatories set forth herein, the following definitions should control unless indicated otherwise by the context:

"You," or "Defendant," refers to the above-named Defendant, RAND Corporation, and includes its parents, subsidiaries, members, managers, affiliates, agents, employees, insurance company, their agents, employees, attorneys, investigators, and anyone else

1

acting on its behalf;

"Complaint" refers to the Complaint filed in Norfolk County Superior Court by Plaintiff, Civil Action No. No. 2182CV00770;

The word "statement" includes statements which have been recorded as well as those which have been reduced to writing, and includes unsigned as well as signed statements;

"Document" has the same meaning as in Mass. R. Civ. P. 34(a) and Superior Court Rule 30A, and includes any and all handwritten material, typewritten material, printed material, records, photocopies, photographs, and every other means of electronic (including e-mail), tape, or physical recording upon any tangible thing, together with any form of writing within the meaning of pertinent sections of the Evidence Code of the Commonwealth of Massachusetts;

"MCAD Complaint" refers to the complaint filed by Plaintiff against Defendant, at the Massachusetts Commission Against Discrimination, Docket No. No. 21BEM00077;

"Position Statement" refers to the March 8, 2021 letter submitted by Defendant in connection with the MCAD Complaint;

"And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed to be outside of its scope, or in other words, to give each request its broadest possible meaning;

"Any" shall be construed to mean "all," and "all" as used herein shall be construed also to mean "any;"

"Relating to" or "relate to" shall mean referring to, concerning, and regarding, describing, memorializing, evidencing, or constituting;

Unless the context indicates otherwise, "including" means "including but not limited to."

## INTERROGATORIES

1. Identify yourself and describe the efforts you made to obtain information in order to answer these Interrogatories, including identifying (a) the individuals you communicated with, (b) any communications reviewed, (c) documents you reviewed, and (d) to the extent any of your answers are not based on personal knowledge, the identity of the individuals upon whose personal knowledge you rely.

2. Describe Plaintiff's employment history with Defendant, including her dates of employment, positions held, job duties, rates of pay, earnings, job benefits, and job performance.

2

3.  Describe any deficiencies in Plaintiff's job performance, including any complaints about Plaintiff (including those received by Linda Duffy by February 2020), as well as the steps taken to investigate, address, and/or correct such deficiencies and identify all individuals with knowledge of such deficiencies.

4.  Provide a complete account of the delegation of Plaintiff's job duties during her leave pursuant to the Family and Medical Leave Act, including in your answer the identities of the employees taking on such responsibilities and the specific responsibilities they were assigned to take on.

5.  Provide a complete account of the circumstances surrounding the termination of Plaintiff's employment with Defendant, including identifying all individuals involved in the decision to terminate Plaintiff, identifying all factors considered in the decision to terminate Plaintiff's employment, and identifying all individuals who knew about the decision to terminate Plaintiff prior to the termination.

6.  Provide a complete account of Linda Duffy's review of Plaintiff's performance history, as referenced on page 6 of the Position Statement.

7.  Identify each Human Resources employee Linda Duffy communicated with in connection with Plaintiff's termination.

8.  Identify all individuals who have been hired to fill Plaintiff's former position with Defendant.

9.  Identify all individuals and documents relied upon in drafting any communication to the Massachusetts Commission Against Discrimination in response to the MCAD Complaint.

10. Identify all individuals you believe possess information regarding any of the facts alleged by Plaintiff in the Complaint or by Defendant in its Answer or defenses, including the name, job title, address, and substance of knowledge for each individual.

11. Identify each person you intend to call as an expert witness at the trial of this matter, including the expert witnesses' full name, address, title, substantive area of practice, and the area in which they will testify.

12. Identify all employees working remotely (either part-time or full-time) for Defendant as of March 17, 2020 including in your answer the age of the employee.

13. Identify all employees of Defendant terminated between April 1, 2019 and April 1, 2020, including in your answer the age of the employee and whether they had taken leave pursuant to the FMLA.

14. Provide a complete account of Defendant's processes for administering performance reviews, including in your account a description of the process for having employees sign their performance reviews.

15. Identify all allegations of discrimination or retaliation made about or against Defendant from 2015 to the present.

16. Identify Defendant's gross and net revenues for the years 2019, 2020, and 2021.

Respectfully submitted,

SHEILA LOGUE,

By her attorney,

/s/ Michael Ackerstein

Michael Ackerstein (BBO #687764)
ACKERSTEIN LAW
1309 Beacon St., Suite 300
Brookline, MA 02446
617-603-0076
Michael@ackersteinlaw.com

Dated: September 8, 2021.

## CERTIFICATE OF SERVICE

This hereby certifies that on this 8th day of September 2021, this document was sent via first class mail to the Suffolk County Sheriff's Office for service upon Defendant RAND Corporation.

Michael Ackerstein

4

q  -r

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**
**SUPERIOR COURT**
**DEPARTMENT OF THE TRIAL COURT**

SHEILA LOGUE,
            Plaintiff,

vs.                                                     **Civil Action No. 2182CV00770**

RAND CORPORATION,
            Defendant.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RAND CORPORATION

### GENERAL INSTRUCTIONS

Pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, the Plaintiff Sheila Logue ("Plaintiff") respectfully requests that the above-named Defendant, RAND Corporation ("Defendant"), produce and make available for inspection and copying all Documents in its possession, custody, or control which are described below.

This is a continuous and ongoing request for production of Documents and includes all after-acquired Documents and things of the types and kinds referred to in this First Request for Production of Documents. The Defendant is therefore requested to update this production of Documents by forwarding copies to the attorney for said Plaintiff.

The Documents produced pursuant to this request are to be made available for inspection and copying, at the offices of Michael Ackerstein, ACKERSTEIN LAW, 1309 Beacon St., Suite 300, Brookline, MA 02446, at which time the Documents should be segregated and identified by paragraph number of the request to which they are representative.

If Defendant refuses to produce any Documents requested herein on the grounds of privilege, please set forth an identification of each such Document, specifying its author and addressee, its date, its general subject matter, and the exact basis for your claim of privilege.

Please take notice that the Plaintiff intends on objecting to the introduction at trial, hearing or conference of any Document which is not produced in response to the below listed requests and to any evidence about any requested Documents which has not been revealed by an appropriate response to this request for Production of Documents.

In preparing your responses to the requests set forth herein, the following definitions should control unless indicated otherwise by the context:

"You," or "Defendant," refers to the above-named Defendant, RAND Corporation, and includes its parents, subsidiaries, members, managers, affiliates, agents, employees, insurance company, their agents, employees, attorneys, investigators, and anyone else acting on its behalf;

"Complaint" refers to the Complaint filed in Norfolk County Superior Court by Plaintiff, Civil Action No. No. 2182CV00770;

The word "statement" includes statements which have been recorded as well as those which have been reduced to writing, and includes unsigned as well as signed statements;

"Document" has the same meaning as in Mass. R. Civ. P. 34(a) and Superior Court Rule 30A, and includes any and all handwritten material, typewritten material, printed material, records, photocopies, photographs, and every other means of electronic (including e-mail), tape, or physical recording upon any tangible thing, together with any form of writing within the meaning of pertinent sections of the Evidence Code of the Commonwealth of Massachusetts;

"MCAD Complaint" refers to the complaint filed by Plaintiff against Defendant, at the Massachusetts Commission Against Discrimination, Docket No. No. 21BEM00077;

"Position Statement" refers to the March 8, 2021 letter submitted by Defendant in connection with the MCAD Complaint;

"And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed to be outside of its scope, or in other words, to give each request its broadest possible meaning;

"Any" shall be construed to mean "all," and "all" as used herein shall be construed also to mean "any;"

"Relating to" or "relate to" shall mean referring to, concerning, and regarding, describing, memorializing, evidencing, or constituting;

Unless the context indicates otherwise, "including" means "including but not limited to."

## DOCUMENT REQUESTS

1. The complete, unredacted copy of Plaintiff's personnel record as defined by M.G.L. c. 149, § 52C.

2. All performance reviews issued to Plaintiff during her employment, drafts of the performance reviews, and signed copies of the performance reviews.

3. From April 1, 2015, to the present, copies of any employee handbooks and employee policies issued by Defendant and applicable to Plaintiff.

4. All documents related to any counseling, coaching, constructive feedback, or discipline administered to Plaintiff for performance deficiencies Defendant alleges Plaintiff demonstrated during her employment, including communications about the administration of any such counseling, coaching, constructive feedback, or discipline.

5. All documents relating to complaints Defendant received about Plaintiff and any response by Defendant to such complaints, including communications responding to such complaints.

6. All documents referring or relating to Defendant's age.

7. All documents referring or relating to Plaintiff's request for leave pursuant to the Family and Medical Leave Act ("FMLA"), use of leave, and return from leave.

8. All documents related to the delegation of Plaintiff's job duties during her FMLA leave.

9. All documents reviewed by Linda Duffy in assessing Plaintiff's performance history as alleged in the Position Statement on page 6.

10. All documents related to the termination of Plaintiff's employment, including communications regarding the termination of Plaintiff's employment, and documents relating to a potential relocation of Plaintiff in lieu of termination.

11. All communications between Defendant and any third-party regarding Plaintiff following the termination of Plaintiff's employment.

12. All documents submitted to the Massachusetts Commission Against Discrimination or received from the Massachusetts Commission Against Discrimination in connection with Plaintiff's MCAD Complaint.

13. All documents relating to complaints about discrimination made about or against Defendant from 2015 to the present.

14. All documents related to Plaintiff and relevant to any allegations of the Complaint, Defendant's defenses to the Complaint, and/or any relief sought by Defendant.

15. All documents relied upon in drafting answers to Plaintiff's First Set of Interrogatories to Defendant including any documents identified by Defendant in its answers.

16. All documents evidencing Defendant's gross and net revenues for the years 2019, 2020, 2021.

17. All documents Defendant intends to enter into evidence in this matter.

18. All documents given to, or prepared by, expert witnesses who may testify at the trial in this matter, or whose opinion or reports form the basis for any opinion possessed by any expert in connection with the matter.

19. A copy of each insurance policy held by Defendant and applicable to this matter.

20. All documents Defendant intends to introduce as part of a motion for summary judgment or any other motion in this matter.

4

Respectfully submitted,

SHEILA LOGUE,

By her attorney,

/s/ Michael Ackerstein

Michael Ackerstein (BBO #687764)
ACKERSTEIN LAW
1309 Beacon St., Suite 300
Brookline, MA 02446
617-603-0076
Michael@ackersteinlaw.com

Dated: September 8, 2021

## CERTIFICATE OF SERVICE

This hereby certifies that on this 8th day of September 2021, this document was sent via first class mail to the Suffolk County Sheriff's Office for service upon Defendant RAND Corporation.

Michael Ackerstein